IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSE ALFREDO JIMENEZ,<br><br>    Defendant.<br>_____/ | No. CR 11-00903-2 WHA<br><br>**ORDER DENYING MOTION TO COMPEL PRODUCTION OF DEFENDANT'S PROPERTY** |

       Defendant Jose Alfredo Jimenez, who is proceeding pro se, filed a motion for an order requiring the government to return property seized during the execution of his arrest under Rule 41(g). Defendant lists the property as $1,300.00 in United States currency, a 2010 Honda Civic car, two cell phones, personal clothes, a pair of glasses, "and all items listed in the investigation report." For the reasons stated below, defendant's motion is **DENIED**.

       Defendant claims that, since the government failed to timely seek forfeiture pursuant to the required procedures, defendant is entitled to the return of his property. The government opposes the motion, contending that defendant's property was either (1) returned to him already, through his wife, (2) required to be kept as relevant evidence pending defendant's appeal of his sentence, or (3) never in the government's custody or control. The government submits the declaration of Officer Michael Brennan, an officer with the Daly City Police Department currently assigned as a special agent of the DEA. Officer Brennan testified that he is the lead case agent in the federal criminal prosecution of defendant.

*First,* as to items already returned to defendant, Officer Brennan stated that, with the exception of defendant's eyeglasses, which were given to defendant, Officer Brennan returned the items listed in Exhibit A to defendant's wife, Esmerelda Perez (Dkt. No. 54 ¶¶ 8-9).

*Second*, the government contends that the cell phones the defendant seeks to be returned are evidence in defendant's case, which is currently on appeal. As the cell phones are still necessary for evidentiary purposes, defendant may not now compel the return of the property. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)

*Third*, the government argues that the government does not have custody or control of certain property that is the subject of defendant's motion. Officer Brennan testified that the property was seized pursuant to the arrest of defendant Jimenez and his codefendant. He further testified that "[a]t all times, the San Mateo County Narcotics Task Force was in control of the investigation . . . the DEA merely provided assistance" (Dkt. No. 54 ¶ 5-6). Apart from the cell phones and "narcotics related evidence," all evidence seized pursuant to the search and arrest remained in the custody of state law enforcement. As stated by our court of appeals, "the rule clearly relates to federal searches leading to federal prosecutions and extends in its furthest reach to searches conducted by state law enforcement agencies with direct federal authorization." *United States v. Huffhines*, 986 F.2d 306, 308 (9th Cir. 1993). With the exception of the cell phones and "narcotics related evidence," the government does not possess defendant's property and cannot be compelled to produce it.

For the reasons stated above, defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 15, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2